IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Melendez Estrada,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B.Schriro, et al.,<br><br>    Respondents. | No. CV 06-1519-PHX-ROS (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT JUDGE:

    Pending before the court is Petitioner George Melendez Estrada's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on June 12, 2006 (docket #1). Respondents have filed an Answer (docket #14), and Petitioner has filed a Reply (docket #15). Petitioner challenges his conviction in the Maricopa County Superior Court following a jury trial on one count of Burglary and one count of Possession of Burglary Tools. (docket #1.) He raises two issues as grounds for relief: (1) that a jury instruction given by the trial judge to the jury describing the elements of the offense left out the phrase, "without lawful authority," in violation of the Sixth and Fourteenth Amendment, and (2) that the trial court improperly imposed aggravated sentences based on factors not found by a jury, in violation of the Sixth Amendment. (*Id.*) Respondents contend that Petitioner's first claim is procedurally defaulted, as it was not presented to the Arizona courts as a federal constitutional claim, and that his second claim fails on its merits, as the sentencing judge

found several prior convictions, which are *Apprendi/Blakely*-exempt, to support his aggravated sentence. (*Id.*) The court agrees.

## I. PROCEDURAL BACKGROUND

Petitioner was charged by Indictment with one count of Burglary in the Third Degree, a class four felony, and Possession of Burglary Tools, a class six felony, committed on or about April 22, 2003. (docket #14, Exh. A.) The State of Arizona thereafter filed an allegation that the defendant had six historical prior felony convictions, dating from 1987 through 2001, and an allegation that he had committed the offenses while released from confinement. (*Id.*) Petitioner went to trial on the Indictment, and the following facts were established, as drawn from the Arizona Court of Appeals' opinion in *State v. Estrada*, 210 Ariz. 111, 113 (App. 2005) (*Id.*, Exh. B):[1]

> On April 22, 2003, the victim was home alone when she heard a knock at her front door. She did not recognize the man at the door and did not open it. The man, later identified as Estrada, sat in a chair on the front porch and began reading a newspaper. Periodically, he would get up and knock on the door, look into the window, and shake the door knob. The victim surreptitiously watched Estrada from inside the house but did not reveal her presence.
>
> After repeating this pattern for approximately half an hour, Estrada went to the side of the house. Becoming increasingly alarmed, the victim called the police. Estrada tried unsuccessfully to open the door of her truck and then climbed atop some wooden pallets near her fence and whistled. Bolt cutters were handed over the fence. Estrada used the bolt cutters to cut the lock on the back gate and another lock on the gate leading to the back alley where a white truck was parked. Estrada's accomplice entered the backyard through the alley gate. Estrada then used the bolt cutters to cut the lock securing the victim's lawn mower to a wooden post and took the lawn mower.
>
> Estrada came to the victim's back door and unsuccessfully attempted to open the sliding door lock. The victim became increasingly frightened and worried that the police would not respond in time, and hung up the telephone and called her neighbor. The neighbor came over immediately and confronted the two men who fled to the white truck in the alley.
>
> By this time, two Phoenix Police Officers had responded to the scene and had just come upon the entrance to the alley when the truck appeared. The officers ordered the men out of the truck and put them under arrest. At trial, both officers identified Estrada as one of the occupants of the truck.

---

[1]State court findings are entitled to a presumption of correctness. *Wainwright v. Witt*, 469 U.S. 412, 426 (1985); 28 U.S.C. §2254(e)(1).

- 2 -

> The officers found a padlock with its clasp cut on the front seat of the truck and the lawn mower in the bed of the truck. One of the officer's found bolt cutters in the victim's backyard, a broken chain that had secured the front gate, a broken lock on the ground near the back gate, and a cut cable that had been used to tether the lawn mower to the post.
>
> Later that morning, the victim identified Estrada and his accomplice as the men she had seen at her house. She was able to make the identification based upon the clothing both men were wearing.

The following factual history is taken from the Arizona Court of Appeals' separately filed memorandum decision in *State v. Estrada*, 1 CA-CR 03-0914 (App. March 4, 2005). (*Id.*, Exh. C.)

> After Estrada was taken into custody and read his Miranda rights he agreed to speak with the police. Initially, Estrada claimed that he was in the alley going through a pile of trash, but later stated that he had gone to the house to pick up a lawn mower for a man named Joe Blanco. Estrada told police that he had met Joe Blanco a few days earlier but could not provide Blanco's address or telephone number.
>
> At trial, defense counsel conceded that Estrada had committed criminal trespass but argued that he was not guilty of burglary because he believed he had authorization from Joe Blanco to take the lawn mower. At the close of all the evidence, the court asked counsel for Estrada and the State if they had any objections to its proposed jury instructions; neither did.

*Id.* at ¶ 2.

At the close of the evidence the jury was instructed that the crime of theft requires proof of the following[2]: (1) The defendant knowingly controlled another person's property; and (2) the defendant intended to deprive the other person of the property. (*Id.*, Exh. C at 3.) This instruction omitted the language in the theft statute, that the defendant "without lawful authority" knowingly controlled property of another. A.R.S. 13-802(A) (Supp. 2003).

Petitioner was convicted as charged. (*Id.*, Exh. B, C.) A trial to the court on the allegation of prior convictions commenced on October 16, 2003: the court found that the Defendant was on probation at the time of the offense, and took the other matters under advisement. (*Id.*, Exh. A.) On October 22, 2003, the court found that defendant had five prior felony convictions. (*Id.*) The court imposed sentence based upon the defendant having

---

[2]The crime of burglary requires, as one of its elements, that the defendant enter with the intent to commit any theft or felony therein. A. R. S. §13-1501.

- 3 -

1  two historical priors[3], and sentenced defendant to an aggravated prison term of 11 years on
2  the Burglary charge, and 4 years on the Possession of Burglary Tools charge, and ordered
3  the terms to be served concurrently. (*Id.*)

4  Petitioner timely appealed his conviction and sentence to the Arizona Court of
5  Appeals, claiming that the trial court committed fundamental and reversible error by omitting
6  the language "without lawful authority" from the jury instruction. He based his claim on
7  Arizona cases interpreting Arizona law. (*Id.*, Exh. D.) Petitioner thereafter filed a
8  supplemental opening brief, relying on *Blakely v. Washington*[4], claiming that his Sixth
9  Amendment rights were violated when the trial court sentenced him to aggravated terms
10  without a jury determination of the aggravating factors. (*Id.*, Exh. E.)

11  The Arizona Court of Appeals rejected both claims, publishing an opinion on the
12  Sixth Amendment sentencing claim, and on the same date, filing a memorandum decision
13  on the jury instruction issue. (*Id.*, Exh. B, C.) Petitioner filed a timely Petition for Review
14  to the Arizona Supreme Court, raising only the Sixth Amendment claim. (*Id.*, Exh. F.) The
15  Arizona Supreme Court denied review without comment. (*Id.*, Exh. G.)

16  Petitioner filed a timely Petition for Post-Conviction relief, raising the issue of
17  ineffective assistance of counsel, and the *Blakely* sentencing issue. (*Id.*, Exh. J.) His Petition
18  was denied summarily by the trial court. (*Id.*, Exh. K.)

19  **II. Exhaustion and Procedural Default**
20  **A. Relevant Law**
21  Pursuant to 28 U.S.C. § 2254(b)(1), before a federal court may consider a state
22  prisoner's application for a writ of habeas corpus, the prisoner must have exhausted, in state
23  court, every claim raised in his petition. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

---

[3] A. R. S. 13-604(C) authorized a presumptive sentence, with two historical priors, of 10 years for the burglary conviction and 3.75 years for the possession of burglary tools conviction. The maximum sentence authorized is 12 years, and 4.5 years respectively.

[4] 542 U.S. 296 (2004)

1  To properly exhaust state remedies, the prisoner must have afforded the state courts the
2  opportunity to rule upon the merits of his federal constitutional claims by "fairly presenting"
3  them to the state courts in a procedurally appropriate manner. *Castille v. Peoples*, 489 U.S.
4  346, 349 (1989); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (stating that "[t]o provide the
5  State with the necessary 'opportunity,' the prisoner must 'fairly present' her claim in each
6  appropriate state court . . . thereby alerting the court to the federal nature of the claim.").

7  It is not enough that all of the facts necessary to support the federal claim were before
8  the state court or that a "somewhat similar" state law claim was raised. *Baldwin,* 541 U.S.
9  at 28 (stating that a reference to ineffective assistance of counsel does not alert the court to
10 federal nature of the claim).  Rather, the habeas petitioner must cite in state court to the
11 specific constitutional guarantee upon which he bases his claim in federal court. *Tamalini*
12 *v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001).  Similarly, general appeals to broad
13 constitutional principles, such as due process, equal protection, and the right to a fair trial,
14 are insufficient to establish fair presentation of a federal constitutional claim.  *Lyons v.*
15 *Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th
16 Cir. 2001); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000) (insufficient for prisoner
17 to have made "a general appeal to a constitutional guarantee," such as a naked reference to
18 "due process," or to a "constitutional error" or a "fair trial").  Similarly, a mere reference to
19 the "Constitution of the United States" does not preserve a claim.  *Gray v. Netherland*, 518
20 U.S. 152, 162-63 (1996).  Even if the basis of a federal claim is "self-evident" or if the claim
21 would be decided "on the same considerations" under state or federal law, the petitioner must
22 make the federal nature of the claim "explicit either by citing federal law or the decision of
23 the federal courts . . . ."  *Lyons*, 232 F.3d at 668.  A state prisoner does not fairly present a
24 claim to the state court if the court must read beyond the petition or brief filed in that court
25 to discover the federal claim.  *Baldwin*, 541 U.S. at 27.

26 Where a prisoner fails to "fairly present" a claim to the State courts in a procedurally
27 appropriate manner, state court remedies may, nonetheless, be "exhausted."  This type of
28

exhaustion is often referred to as "procedural default" or "procedural bar." *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991); *Coleman*, 501 U.S. at 731-32.

In one category of procedural default, the state prisoner may not have presented the claim to the state courts, but pursuant to the state courts' procedural rules, a return to state court would be "futile." *Teague v. Lane*, 489 U.S. 288, 297-99 (1989). Generally, any claim not previously presented to the Arizona courts is procedurally barred from federal review because any attempt to return to state court to properly exhaust a current habeas claim would be "futile." Ariz. R. Crim. P. 32.1, 32.2(a) & (b); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *State v. Mata*, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3) (relief is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a); Ariz. R. Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time barred. *Beaty*, 303 F.3d at 987; *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

When a claim has been procedurally defaulted, federal review of the claim is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393-94, (2004); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish cause, a petitioner must establish that some objective factor external to the defense impeded her efforts to comply with the state's procedural rules. *Id.* The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. *Id.* To establish prejudice, a prisoner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982). Where petitioner fails to establish cause, the court need not reach the prejudice prong.

1   To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

**B. Application of Law to Petitioner's Claims**

### Claim One

Petitioner's first claim that his Sixth and Fourteenth Amendment rights were violated by the faulty jury instruction was not fairly presented as a federal claim to the Arizona state courts. In his appellate brief, Petitioner did not refer to the "specific constitutional guarantee upon which he bases his claim in federal court." *Tamalini*, 249 F.3d at 898. He failed to apprise the state court of the federal nature of his claim: instead, he cited only state authority. (docket #14, Exh. D.) The Arizona Court of Appeals in its Memorandum Opinion also reached its decision solely on an analysis of state law. (*Id.*, Exh. C.) Because Petitioner had not objected to the jury instruction at trial, he couched his issue to the appellate court as fundamental error under Arizona law. The appellate court reviewed the claim for fundamental error, and determined, applying state law, that fundamental error had not occurred. (*Id.*, Exh. C.)

Petitioner's "mere assertion of a fundamental error does not mean he asserted a federal constitutional claim; claims subject to fundamental error review may consist entirely of assertions under Arizona law." *Castillo v. McFadden*, 399 F.3d 933, 1003 (9th Cir. 2004) Petitioner did not state a federal constitutional basis for his claim: thus, he failed to "fairly present" this claim to the state courts. Any return to state court would be futile, as his claim would be time-barred. Rules 32.1, 32.2(a) and (b) and 32.4(a), Ariz. R. Crim. P. Additionally, Petitioner has made no showing of cause and prejudice, or that there has been a fundamental miscarriage of justice. Thus, his claim must fail.

### Claim Two

1    The Sixth Amendment requires that "any fact that increases the penalty for a crime
2 beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable
3 doubt." *Blakely*, 542 U.S. at 301 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490
4 (2000)). An exception has been carved out for prior convictions. *Apprendi*, 530 U.S. at 490.
5 In Arizona, trial courts "are not authorized to impose sentences beyond the presumptive
6 terms without making findings of aggravating circumstances and giving reasons in support
7 of those findings." *State v. Williams*, 131 Ariz. 411, 412-13 (App. 1981).

8    "[O]nce a jury finds or a defendant admits a single aggravating factor, the Sixth
9 Amendment permits the sentencing judge to find and consider additional factors relevant to
10 the imposition of a sentence up to the maximum prescribed in that statute." *State v. Martinez*,
11 210 Ariz. 578, 585 (2005). Thus, upon the finding of an aggravating factor, the statutory
12 maximum then becomes not the presumptive term, but the maximum aggravated sentence
13 allowed by the relevant sentencing statute. The United States Supreme Court has affirmed
14 the discretion of the judges to take "into consideration various factors relating both to the
15 offense and offender—in imposing a judgment within the range prescribed by statute."
16 *Apprendi*, 530 U.S. at 481.

17    The trial court found that Petitioner had five prior felony convictions, and was on
18 probation at the time of the offense. With two prior convictions, the sentencing range for the
19 burglary conviction was 10 to 12 years, and the sentencing range for the Possession of
20 Burglary Tools Conviction was 3.75 to 4.5 years. The trial court imposed a sentence of 11
21 and 4 years, respectively. Because even just one of Petitioner's other prior convictions would
22 have been itself a sufficient aggravating factor to allow him to be sentenced up to the
23 statutory maximum, the fact that the trial court considered other factors in imposing the
24 slightly aggravated sentences is of no consequence. As the Arizona Court of Appeals made
25 clear:

> "Under Arizona's statutory scheme Estrada's criminal history constituted an aggravating circumstance that-without the need for any additional jury findings-exposed him to being sentenced to 12 and 4.5 years, respectively, based solely on the facts reflected in the jury verdicts. Because the sentences imposed by the trial court did not exceed these maximums, the

- 8 -

> three additional aggravating circumstances found by the trial court were not facts legally essential to the punishment; thus, Estrada had no legal right to have a jury determine their existence."

(docket #14, Exh. B, *State v. Estrada*, 210 Ariz. 111, 114 (App. 2005)).

The Arizona Court did not err in its application of Supreme Court precedent. Petitioner is therefore, not entitled to federal habeas relief on this claim.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

DATED this 18th day of June, 2007.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge